Original
No. LD-93-019

TOCCI'S CASE

August 1, 1995

*Elizabeth Cazden,* of Manchester, by brief and orally, for the committee on professional conduct.

*Michael J. Tocci,* by brief and orally, *pro se.*

THAYER, J. The Supreme Court Committee on Professional Conduct (committee) filed a petition with this court requesting that the respondent, Michael J. Tocci, be suspended from the practice of law for a period of one year. A Judicial Referee (*Temple,* J.) found, by clear and convincing evidence, that the respondent violated New Hampshire Rules of Professional Conduct (Rules) 1.16(a), 5.5(a), and 7.5(a).

The violations in this case all relate to the respondent's alleged practice of law following his suspension from practice for non-payment of bar dues. *See Petition of Tocci,* 137 N.H. 131, 624 A.2d 548 (1993). The respondent concedes that his use of letterhead that identified him as "Counselor at Law" following his suspension was improper. Such conduct constitutes a violation of Rule 7.5(a), which prohibits the use of letterhead or other professional designation that is false or misleading. The question on appeal, therefore, is whether his conduct, including filing of documents with the court

and engaging in negotiations for clients, violates his suspension and violates Rule 1.16(a), which prohibits representing clients if "the representation will result in violation of the rules of professional conduct or other law"; and Rule 5.5(a), which prohibits "practic[ing] law in a United States jurisdiction where doing so violates the regulation of the legal profession in that United States jurisdiction."

The referee found by clear and convincing evidence that the respondent had misrepresented his status as an attorney by using legal letterhead following his suspension and that he had continued to practice law after being suspended by this court. "In our review of the referee's findings, our only function is to determine whether a reasonable person could have reached the same decision as the referee on the basis of the evidence before him." *Budnitz' Case*, 139 N.H. 489, 491, 658 A.2d 1197, 1198 (1995) (quotation omitted).

■ The respondent was suspended from the practice of law in this State by this court on July 2, 1992. New Hampshire law prohibits the unauthorized practice of law. *See* RSA 311:7-a (1984); *see also* RSA 311:10 (1984). The evidence introduced at the hearing established that the respondent had filed pleadings on behalf of his clients after his suspension. Such actions constitute the practice of law. *See State v. Settle*, 124 N.H. 832, 837, 480 A.2d 6, 8 (1984) (filing documents with the court included in prohibition against laypersons commonly practicing law). The respondent argues, however, that RSA 311:1 (1984), which provides that "any citizen of good character" may represent another individual before the courts of this State, authorized his actions in representing clients. Essentially, the respondent argues that RSA 311:1 authorizes him to circumvent the order of this court suspending him from the practice of law.

■ RSA 311:1 does not allow individuals to "practice law in circumvention of other statutory restrictions and of the powers delegated to this court to regulate the practice of law in the courts of this State." *Bilodeau v. Antal*, 123 N.H. 39, 44, 455 A.2d 1037, 1041 (1983). Nor is RSA 311:1 designed to allow persons otherwise unable to practice law to act commonly, entering repeated appearances before the courts of this State. *See State v. Settle*, 129 N.H. 171, 180, 523 A.2d 124, 130 (1987). The statute was designed to allow a non-lawyer to appear in an individual case; it does not purport to allow a non-lawyer to practice commonly within this State. *See id.; see also* RSA 311:7 (1984). In this case, the respondent filed pleadings on behalf of a number of different clients in which he identified himself as an attorney, drafted letters on behalf of clients, and represented to others that he was a practicing attorney. Such

behavior constitutes the common practice of law and was not authorized by RSA 311:1. *See Settle*, 124 N.H. at 837, 480 A.2d at 8.

■■ Additionally, while respondent claims he was acting under RSA 311:1, he failed to comply with the requirements of that rule. Prior to acting under RSA 311:1, a non-lawyer must file a power of attorney with the clerk of the appropriate court. *See* SUPER. CT. R. 14; DIST. & MUN. CT. R. 1.3(D). The respondent filed no such documents. The evidence amply supports the referee's finding that the respondent violated his suspension from the practice of law by continuing to represent clients before the courts of this State. These actions violated Rule 1.16(a) and 5.5(a).

The only other question before the court is the appropriate punishment for the respondent's actions. The referee found that the respondent's actions merited a one-year suspension from the practice of law. The respondent argues that his violations were due to his misunderstanding of the effect of his suspension and his reliance on the committee's alleged approval of similar actions a few years earlier. He suggests that we issue a letter of warning or some other form of sanction.

■ It is the obligation of this court to impose disciplinary sanctions in order "to protect the public, maintain public confidence in the bar, preserve the integrity of the legal profession, and prevent similar conduct in the future." *Budnitz' Case*, 139 N.H. at 492, 658 A.2d at 1199 (quotation and ellipses omitted). We are empowered either to suspend or disbar an attorney to achieve these goals. *Woiccak's Case*, 131 N.H. 735, 740, 561 A.2d 1049, 1051 (1989). The presumptive sanction for practicing law while suspended is disbarment. ABA CENTER FOR PROFESSIONAL RESPONSIBILITY, STANDARDS FOR IMPOSING LAWYER SANCTIONS, § 8.1 comment at 47 (1991). In determining the appropriate sanction, however, we will consider any mitigating factors that may be present. *Wehringer's Case*, 130 N.H. 707, 721, 547 A.2d 252, 260 (1988), *cert. denied*, 488 U.S. 1001 (1989). In arguing for a one-year suspension, as opposed to disbarment, the committee noted a number of mitigating circumstances, including possible confusion due to earlier rulings by the committee; that the underlying suspension was administrative; and the lack of injury to clients. We find that the record supports the lesser sanction of a one-year suspension.

■ The respondent argues that an additional mitigating factor supports a lesser penalty. Essentially, he argues that his violations were due to his failure to understand the law. We do not find that a mitigating circumstance. We have previously stated that inexperi-

ence or unfamiliarity with the applicable laws will not mitigate attorney misconduct. *Whelan's Case*, 136 N.H. 559, 563, 619 A.2d 571, 573 (1992) (attorneys are presumed to know the rules of professional conduct); *Woiccak's Case*, 131 N.H. at 741, 561 A.2d at 1052 (willful or negligent blindness does not constitute a mitigating factor).

The respondent is suspended from the practice of law in this State for a period of one year and ordered to reimburse the committee for the costs of investigating and prosecuting this matter. *See* SUP. CT. R. 37(16). The suspension will run consecutive to the respondent's prior suspension by this court for non-payment of bar dues.

*So ordered.*

All concurred.