**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Barry Sloan SMITH, Respondent.**

**No. 95–SC–915–KB.**

Supreme Court of Kentucky.

Jan. 16, 1996.

Bruce K. Davis, Executive Director, Jay R. Garrett, Kentucky Bar Association, Frankfort, for complainant.

Barry Sloan Smith, Albany, for respondent.

## OPINION AND ORDER

As a result of charges brought against respondent in two separate actions, the Kentucky Bar Association has recommended that Barry Sloan Smith be suspended from the practice of law in the Commonwealth of Kentucky for a period of one year and six months to be served consecutive with his CLE suspension now in effect. Respondent has not sought review.

In 1991, Smith was engaged to settle an estate. Although he was paid $400.00 for anticipated services, he never filed a final settlement. Meanwhile, by Order of this Court entered on January 7, 1994, Smith was suspended from the practice of law in Kentucky for non-compliance with CLE requirements. The estate clients who had hired him discovered the suspension and terminated his services. They also discovered that Smith had not completed the work he was hired to do and they requested a return of the $400.00 fee. Although Smith promised to return the money, he did not.

In April 1994, Smith's estate clients complained to the Kentucky Bar Association and a charge was issued on May 23, 1994. In the first of two counts, Smith was alleged to be guilty of violating SCR 3.130(1.3) which requires that "a lawyer shall act with reasonable diligence and promptness in representing a client." As to the second count, Smith was accused of violating SCR 3.130(1.16)(d) which requires a lawyer, upon termination of representation, to refund any advance payment of fee that has not been earned.

Smith filed a response on May 31, 1994, in which he stated that although he prepared a final settlement to be filed, he misplaced the document and subsequently forgot about it. Smith promised to refund the $400.00 and become a more diligent practitioner. The Board of Governors, in a vote of 16–0, found Smith guilty of both counts and recommend a six month suspension to follow the CLE suspension.

On August 23, 1994, while under suspension for non-compliance with CLE requirements, Smith appeared as counsel at a pretrial conference in Taylor County. Upon questioning from the presiding judge about his status with the Bar Association, Smith replied that the appropriate documents had been mailed to the Bar Association which would entitle him to reinstatement. A videotape of these proceedings was then mailed to the Kentucky Bar Association.

On February 16, 1995, the Director of the Kentucky Bar Association wrote Smith advising him that the Inquiry Tribunal had authorized a complaint against him. The Director also informed Smith that he had received no documents concerning his reinstatement to the Bar. Smith did not respond to the certified mail correspondence.

On May 22, 1995, a new charge was issued by the Inquiry Tribunal. In Count I, Smith was charged with violating SCR 3.130(5.5)(a), which provides that "a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." Count II charged a violation of that same provision as Smith appeared as counsel at a physician's deposition on July 25, 1994, during his suspension

for non-compliance with CLE requirements. Count III charged Smith with violation of SCR 3.130(8.1)(b) for his failure to respond to letters of the Kentucky Bar Association dated February 16, 1995, and February 28, 1995. The Inquiry Tribunal determined that there were no issues of fact and the case was submitted on the record. Although the Kentucky Bar Association filed a brief, Smith did not.

On June 13, 1995, Smith filed a handwritten response to all charges in which he admitted the allegations in the files. Although he did not try to excuse his actions or blame others, concluding that he is "not cut out to be an attorney," he denied intentionally misleading or deceiving anyone.

The Board of Governors, by a vote of 16–0, found Smith guilty of violating Counts I and II and not guilty of Count III. As to his penalty, a majority of the Board recommended that Smith be suspended for a period of one year, to be served consecutively with the six month suspension in the companion case, and consecutive to the current suspension for non-compliance with CLE requirements. In sum, Smith's recommended penalty totaled suspension of one year and six months, following his CLE suspension, and payment of costs of $117.95 and $117.16 for the disciplinary actions.

Pursuant to SCR 3.370(9), this Court adopts the decision of the Board of Governors relating to all matters pertaining to Barry Sloan Smith.

IT IS THEREFORE ORDERED:

That Barry Sloan Smith be suspended from the practice of law in the Commonwealth of Kentucky for a period of one year and six months. The period of suspension shall be served consecutively to the suspension Smith is already serving by Order of this Court entered January 7, 1994, and shall continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510. Meanwhile, we suggest that respondent well consider whether he desires to resume his legal career. If he so desires, it should be with resolve to diligently perform his duties and, in general, to mend his ways.

Respondent is directed to pay all costs associated with this action and any related proceedings.

GRAVES, KING, LAMBERT, REYNOLDS, STUMBO and WINTERSHEIMER, JJ., concur.

ENTERED: January 16, 1996.

/s/ Robert F. Stephens
Chief Justice