690 So.2d 1239 (1997)
THE FLORIDA BAR, Complainant,
v.
Arron Edward BUDNITZ, Respondent.
No. 86777.
Supreme Court of Florida.
February 6, 1997.
Rehearing Denied April 1, 1997.
John F. Harkness, Jr., Executive Director; John T. Berry, Staff Counsel and James N. Watson, Jr., Bar Counsel, Tallahassee, for Complainant.
Arron E. Budnitz, Lexington, MA, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Arron Edward Budnitz. We have jurisdiction. Art. V, § 15, Fla. Const. After reviewing the record in this case, we conclude that the referee has recommended the appropriate sanction. We hereby disbar Budnitz from the practice of law in the State of Florida.
The facts, as reflected in the record and the referee's report, are as follows. The action at issue arises from events that took place in New Hampshire. A petition for disbarment was filed on March 23, 1993, by the New Hampshire Supreme Court Committee on Professional Conduct, alleging that Budnitz made false statements of material fact to a grand jury. It was also alleged that he made false statements to the disciplinary committee and otherwise engaged in deceitful behavior. A referee found Budnitz had, by clear and convincing evidence, committed the alleged acts. On May 23, 1995, the Supreme Court of New Hampshire disbarred Budnitz. While the New Hampshire final order recites the facts surrounding Budnitz's grand jury testimony, the state's high court found only that Budnitz violated the New Hampshire rule against knowingly making a false statement of material fact in a disciplinary matter.[1]
*1240 The acts that led to the disciplinary proceedings in New Hampshire also allegedly violated several Rules of Professional Conduct of the Florida Bar. The Florida Bar petitioned for an emergency suspension of Budnitz in August of 1995. This Court entered an emergency suspension on September 5, 1995. By complaint dated November 2, 1995, the Bar formally alleged that Budnitz had violated numerous Florida rules.[2] The Honorable N. Sanders Sauls was appointed as referee. The referee held a final hearing on April 30, 1996. A report was filed by the referee on May 2, 1996. The referee found, by clear and convincing evidence, that Budnitz was guilty of violating the cited rules. The referee then considered Budnitz's prior disciplinary record and personal history. In his report, the referee recommended that Budnitz be disbarred and that the costs and expenses of the proceedings be taxed against Budnitz. Budnitz seeks review by this Court.
The facts available to the Supreme Court of New Hampshire, in making its decision, were as follows:
The following facts are not in dispute. In 1984 and early 1985, the respondent, an attorney licensed to practice in New Hampshire, worked for David Williams in connection with the "Blondheim" companies. In January 1985, the respondent's employment with Blondheim was terminated.
In March 1985, the respondent telephoned Carol Hebert, a former Blondheim employee, and asked her to notarize a document. Unbeknownst to the respondent, Hebert was cooperating with the New Hampshire Attorney General's office in an investigation of Blondheim. Hebert at first declined, but, after conferring with a representative of the attorney general's office, she called the respondent and agreed to meet him at her apartment in Manchester.
When the meeting occurred, on March 5, 1985, an investigator from the attorney general's office and a postal inspector were secreted in Hebert's apartment. The respondent asked Hebert to notarize a copy of a document entitled "Acknowledgement of Employment Termination" (Acknowledgement) that related to his termination. Hebert did so.
By 1987, Blondheim was under investigation by the Hillsborough County Grand Jury for theft and securities fraud. See State v. Williams, 133 N.H. 631, 581 A.2d 78 (1990). The respondent testified before the grand jury and claimed that the Acknowledgement was notarized at the Blondheim offices on "January 21st, about" and that it had been signed there two or three days earlier. He did not know, when he testified, that investigators had been present at Hebert's apartment on March 5, 1985. A complaint against the respondent was filed with the committee by Assistant Attorney General Cynthia L. White after the respondent testified before the grand jury. The respondent averred in his answer to the complaint that he believed his grand jury testimony was true.
In re Budnitz, 658 A.2d at 1197-98.
Florida Rule of Professional Conduct 4-8.1 states in relevant part:
An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
(a) knowingly make a false statement of material fact....
The rule for which Budnitz was disbarred in New Hampshire is almost identical to this Florida rule. We agree with the referee that the record supports a finding that rule 4-8.1(a) was violated. Under the circumstances in this case, we find disbarment to be the appropriate sanction. See generally Florida Bar v. Graham, 605 So.2d 53, 56 (Fla.1992)("Dishonesty and a lack of candor cannot be tolerated by a profession that relies on the truthfulness of its members."). All claims raised by Budnitz that would militate *1241 against this disbarment are meritless.[3] It is appropriate for this Court to give significant consideration and weight to the final adjudication of the Supreme Court of New Hampshire.
We note that Budnitz raises many procedural issues aimed at supposed technical deficiencies by the referee as well as substantive claims aimed at the balance of aggravation and mitigation and the precedential value of our prior cases. Notably absent from his brief, however, is either an averment that the challenged conduct did not take place or, in the alternative, a true and clear acknowledgment of the wrongful nature of the conduct.
Accordingly, we approve the referee's report to the extent that we find Budnitz guilty of violating rule 4-8.1(a). We need not address the remainder of the report because the nature of this single violation dictates that we disbar Arron Edward Budnitz from the practice of law in Florida nunc pro tunc, September 5, 1995. Costs in the amount of $500.00 hereby are awarded in favor of the Bar, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Budnitz was disbarred for violating New Hampshire Rule of Professional Conduct 8.1(a). The Supreme Court of New Hampshire wrote:

We agree that the respondent violated Rule 8.1(a)(knowingly making a false statement of material fact in connection with a disciplinary matter), find that this violation warrants disbarment, and therefore, need not address the other violations.
In re Budnitz, 139 N.H. 489, 658 A.2d 1197, 1197 (1995).
[2] It was alleged that Budnitz violated rules 4-3.3(a)(1), 4-3.3(a)(3), 4-8.1(a), and 4-8.4(c). The allegation as to rule 4-3.3(a)(3) was later withdrawn.
[3] Budnitz claims that: (1) the referee and the Bar inappropriately acted in concert; (2) the referee's report was not timely filed; (3) the referee failed to make appropriate findings of fact; (4) any amendment to the original complaint is either nonexistent or invalid; (5) the referee and any persons relying upon his report are involved in federal mail fraud; (6) there are still jurisdictional and statute of limitations concerns that were ignored by the referee; (7) reliance on findings of the New Hampshire committee or referee are unjustified because those findings were not final adjudications; (8) the aggravating factors identified in the referee's report are unsupported; (9) the referee's reliance on prior Florida cases is unjustified insofar as those cases are distinguishable; and (10) he cannot be excluded from the practice of law solely because he holds certain beliefs.