IN THE MATTER OF ARRON E. BUDNITZ. July 9, 1997. *Attorney at Law,* Disciplinary proceeding, Reciprocal discipline, Disbarment.

Arron E. Budnitz appeals from a judgment of disbarment ordered by a single justice of this court pursuant to S.J.C. Rule 4:01, § 16, as amended, 402 Mass. 1302 (1988) (reciprocal discipline). The judgment provides that Budnitz may petition for reinstatement to the bar after two years from the effective date of his disbarment. We affirm.

In May, 1995, the Supreme Court of New Hampshire ordered that the respondent be disbarred in that State and granted him leave to petition for reinstatement after two years. *Budnitz' Case,* 139 N.H. 489 (1995). The record of the New Hampshire proceeding was before the single justice when she ruled on bar counsel's petition for reciprocal discipline. A referee in the New Hampshire case found, among other things, that Budnitz had knowingly lied to a New Hampshire grand jury and subsequently perpetuated his lies in his answer to the complaint filed with the New Hampshire committee on professional conduct. The Supreme Court of New Hampshire held, and the record confirms, that there was ample evidence to support the referee's findings. *Id.* at 491.[1]

The New Hampshire referee concluded that Budnitz's conduct violated several of the New Hampshire Rules of Professional Conduct, including Rule 8.1 (a), which prohibits the making of knowingly false statements of material fact in a bar discipline matter. The Supreme Court agreed that Budnitz had violated Rule 8.1 (a), and rested its decision on that violation. Having done so, the court did not address the other ethical rules cited by the referee. *Id.* at 490.

In the reciprocal proceeding in our county court, the single justice concluded that Budnitz's conduct violated S.J.C. Rule 3:07, Canon 1, as appearing in 382 Mass. 769 (1981). She ruled, specifically, that his actions violated both DR 1-102 (A) (4), which prohibits "conduct involving dishonesty, fraud, deceit, or misrepresentation," and DR 1-102 (A) (5), which proscribes "conduct that is prejudicial to the administration of justice."

*Misconduct.* Budnitz contends that the single justice erred in determining that his conduct violated DR 1-102 (A) (4) & (5), because the Supreme Court of New Hampshire did not address the cognate New Hampshire rules in its decision. He maintains that the court "implicitly denied" the referee's finding that he had violated any of the rules other than the single rule which the court addressed. We decline to accept such a reading of the Supreme Court's decision.

There is nothing at all in the New Hampshire decision, express or implied, suggesting that the court rejected those conclusions of the referee that it did not address. Moreover, and more importantly, the court expressly upheld the referee's finding that Budnitz had knowingly lied to the grand jury and then made knowingly false statements in his answer to the complaint in the New Hampshire disciplinary proceeding. The single justice was entitled to rely on that finding, which was supported by clear and convincing evidence, in determining which of the Massachusetts disciplinary rules were violated, regardless of which New Hampshire disciplinary rules may have been violated

---

[1]The referee's findings in the New Hampshire proceeding were based on clear and convincing evidence. In Massachusetts, by contrast, bar discipline charges need only be proven by a preponderance of the evidence. *Matter of Mayberry,* 295 Mass. 155, 167 (1936).

or addressed by the court. See S.J.C. Rule 4:01, § 16 (3), 365 Mass. 709 (1974) (providing that, in a reciprocal case, "the court, after hearing, may enter such order as the facts brought to its attention may justify").

Lying under oath before a grand jury, and perpetuating the lies by making knowingly false statements in a bar disciplinary proceeding, is conduct plainly within the scope of DR 1-102 (A) (4) & (5). See *Matter of Discipline of Two Attorneys*, 421 Mass. 619, 627-629 (1996) (discussing scope of DR 1-102 [A] [5], and observing, among other things, that "most situations in which an attorney's conduct has been held to be prejudicial to the administration of justice have involved judicial or adjudicative proceedings"), and cases cited; *Matter of Finnerty*, 418 Mass. 821, 828 (1994) (holding that attorney's submission of false evidence under the penalties of perjury in his own divorce action violated DR 1-102 [A] [4]-[6]); *Matter of Sprei*, 10 Mass. Att'y Discipline Rep. 246 (1994) (holding that attorney's false representations while under oath in disciplinary investigation, and fabrication of documents to support his misrepresentations, violated DR 1-102 [A] [4]-[6]).

*Sanction.* Budnitz also argues that disbarment is a markedly disparate sanction. See *Matter of Alter*, 389 Mass. 153, 156 (1983). We disagree.

This case is most similar to *Matter of Palmer*, 423 Mass. 647 (1996), in which we held that an attorney's perjury justified disbarment. See *Matter of Sleeper*, 251 Mass. 6, 20 (1925) ("It requires no discussion to demonstrate that the commission of perjury by an attorney at law is sufficient ground for disbarment. Indeed, it is difficult to conceive of the commission of such an offence by an officer of the court which would not require disbarment. There is no room in the profession of the law for those who commit deliberate falsehood in court"); *Matter of Sprei, supra.* The cases cited by Budnitz are inapposite. *Matter of Basbanes*, S.J.C. No. 96-029 BD (July 18, 1996), which resulted in a term suspension, involved an attorney's making false statements and presenting false evidence to a marital master in the course of representing a client. Lying under oath is qualitatively different from that, and even more egregious.[2] *Matter of Provanzano*, 5 Mass. Att'y Discipline Rep. 300 (1987), involved an attorney's false testimony and submission of false documents in a disciplinary proceeding, but there was no underlying misconduct such as we have here, i.e., Budnitz's lying to the grand jury. *Basbanes* and *Provanzano* are also of limited precedential value, given the full court's more recent decision in *Matter of Palmer, supra.* See *Matter of McCarthy*, 416 Mass. 423, 429 (1993); *Matter of Bryan*, 411 Mass. 288, 291 n.4 (1991).

*Mitigation.* Budnitz claims that there exist mitigating circumstances which require a lesser sanction. He relies on the fact that he has been a member of the Massachusetts bar since 1979, and he represents that he has not been subject to any prior discipline. He also contends that his misconduct had no impact on a client, and that he has been cooperative in this disciplinary matter.

The factors mentioned by Budnitz, even if accepted as true, are merely "typical" mitigating factors. They need not be given substantial weight. See *Matter of Saab*, 406 Mass. 315, 327 (1989); *Matter of Alter, supra* at 156-157. Furthermore, we are unable to say on this record that Budnitz's conduct had no

---

[2] *Matter of McCarthy*, 416 Mass. 423 (1993), and *Matter of Neitlich*, 413 Mass. 416 (1992), are also distinguishable on this basis.

impact on a client, and his obfuscatory (and in some respects frivolous) filings before both the single justice and this court convince us that he has been far from cooperative.

Budnitz has also raised numerous other points on appeal. They are either meritless, unsupported by the record, or both.

*Judgment affirmed.*

*Nancy E. Kaufman,* Bar Counsel.
*Arron E. Budnitz,* pro se.