# IN THE MATTER OF THE SUSPENSION OF EDWARD PARSON, ESQUIRE, As A Member of the Virgin Islands Bar.

S. Ct. Civil No. 2012-0047

Supreme Court of the Virgin Islands

January 8, 2013

SIMONE R.D. FRANCIS, ESQ., Ogletree, Deakins, Nash, Smoak & Stewart, P.C., St. Thomas, USVI, *Attorney for Subcommittee of the V.I. Bar Ass'n Ethics & Grievance Committee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 8, 2013)

PER CURIAM. This matter comes before the Court pursuant to a petition filed by the Ethics and Grievance Committee of the Virgin Islands Bar Association, which requests that this Court approve its recommendations to suspend Edward E. Parson, Jr., from the practice of law for a period of 12 months and to order him to pay a specified monetary amount as restitution to the client. For the reasons that follow, we grant the petition.

## I. BACKGROUND

On January 14, 2002, Stephen Parks filed a grievance against Attorney Parson with the Virgin Islands Bar Association. In his grievance, Parks stated that he hired Attorney Parson to represent him in a personal injury action, which resulted in a settlement in early 2001. Although a year

passed, Parks never received the money he was entitled to under the agreement. According to Parks, he called Attorney Parson's office numerous times and left several messages on his telephone answering machine, but never received a response.

The Committee assigned the matter to a panel and a case investigator, who — for reasons not clear from the record — apparently did not formally request an answer from Attorney Parson until August 15, 2006, when the investigator mailed a letter to the address Attorney Parson provided in the 2006-07 edition of the Virgin Islands Bar Directory. However, the case investigator's correspondence was returned to sender because Attorney Parson moved and left no forwarding address. When attempts to contact Attorney Parson through the telephone and facsimile numbers listed in the Virgin Islands Bar Directory were unsuccessful, the case investigator called the Parson & McLaughlin law firm in San Juan, Puerto Rico — where Attorney Parson apparently moved his practice — but no one answered the telephone and there was no answering machine.

After all attempts to contact Attorney Parson failed, the matter lay dormant for several years. On June 24, 2009, the Virgin Islands Bar Association, in an unrelated matter, filed a petition to suspend Attorney Parson from the practice of law for his failure to pay his membership dues. When Attorney Parson failed to respond to that petition, this Court, in a May 3, 2010 Order, required him to appear in open court on October 6, 2010, to show cause as to why the petition should not be granted. As before, service by registered mail was unsuccessful, and this Court authorized for Attorney Parson to be served by publication. After Attorney Parson failed to appear at the October 6, 2010 hearing, this Court granted the petition and suspended Attorney Parson from the practice of law. *See Suspension of Parson*, S.Ct. BA. No. 2009-0188, slip op. at 2 (V.I. Oct. 20, 2010). To date, Attorney Parson has not sought reinstatement.

Effective July 1, 2011, this Court amended Supreme Court Rule 207 to transfer numerous ministerial, investigative, and prosecutorial functions to the newly-created Office of Disciplinary Counsel. *See In re Rogers*, 56 V.I. 618, 622 (V.I. 2012). Shortly thereafter, the panel, through its Chair, issued a notice of no hearing in the underlying matter on November 4, 2011, which informed Attorney Parson that it would decide the matter without a formal hearing unless he provided the panel, within 30 days, with a written explanation as to why a hearing should be held. Again, Attorney Parson failed to respond. On December 30, 2011, the panel

issued a disposition based on its December 15, 2011 memorandum of decision, in which it concluded that Attorney Parson violated Rule 1.15(d) of the Model Rules of Professional Conduct by failing to promptly notify Parks of the settlement proceeds and failing to give him his portion of the settlement funds. Additionally, while it did not explicitly cite Rule 8.1(b) of the Model Rules of Professional Conduct in its decision, the panel identified Attorney Parson's failure to participate in the disciplinary process as an aggravating factor, and recommended as a sanction that this Court suspend Attorney Parson from the practice of law for 12 months and pay $2,500.00, plus interest, in restitution.

Again, for reasons not clear from the record, the Committee did not file its petition for this Court to approve its recommended sanction until June 20, 2012. This Court, in a June 21, 2012 Order, directed Attorney Parson to file a response to the petition on or before July 5, 2012. While this deadline has long since lapsed, to date Attorney Parson has not filed any documents with this Court.

## II. DISCUSSION

### A. Jurisdiction and Legal Standard

This Court possesses exclusive jurisdiction to discipline members of the Virgin Islands Bar. V.I. CODE ANN. tit. 4, § 32(e). As we have previously outlined,

> The disciplinary procedures adopted by the Court require the Bar's Ethics and Grievance Committee to obtain an order from this Court to disbar an attorney from the practice of law in the Virgin Islands. In reviewing the record in this case and the Memorandum of Decision entered by the Bar's adjudicatory panel, we exercise independent judgment with respect to both findings of fact and conclusions of law on all issues, including the sanction recommended by the Bar. Under our independent review, we carefully consider the adjudicatory panel's analysis, but must separately determine, like the adjudicatory panel, whether there is clear and convincing evidence that the respondent violated the Model Rules of Professional Conduct. Our review in this respect is virtually *de novo*, except we do not hear and consider anew live testimony. If we find that the respondent has violated the rules, we must also decide whether to adopt the panel's recommended discipline or whether some other type of discipline is warranted.

*V.I. Bar v. Brusch*, 49 V.I. 409, 411-12 (V.I. 2008) (footnotes and citations omitted). Nevertheless, pursuant to both this Court's rules and the rules that were in effect at the time Parks filed his grievance,[1] the "[f]ailure to timely answer [a] grievance shall be deemed an admission by the Respondent to all factual allegations contained in the grievance, and shall permit the grievance to proceed on a default basis." *See In re Drew*, S.Ct. BA. No. 2007-0013, 2008 V.I. Supreme LEXIS 26, *9 (V.I. June 30, 2008) (unpublished) (quoting V.I.S.Ct.R. 207.1.11). Therefore, even though the Committee failed to explicitly cite to Model Rule 8.1(b) in its memorandum of decision, this Court must first determine whether Attorney Parson violated that rule before conducting any other inquiry. *See In re Suspension of Joseph*, 56 V.I. 490, 498-99 (V.I. 2012).

### B. Model Rule 8.1(b)

██ "Rule 8.1 prohibits a lawyer, in connection with a disciplinary matter, from knowingly failing to respond to a lawful demand for information from a disciplinary authority." *Brusch*, 49 V.I. at 419 (citing Model Rule 8.1(b)). Thus, "an attorney who has been 'provided [with] numerous opportunities to respond' to a grievance, yet who 'inexplicably remain[s] silent' by failing to respond to the grievance or to appear at the adjudicatory hearing will clearly violate Rule 8.1(b)." *In re Joseph*, 56 V.I. at 499 (quoting *Brusch*, 49 V.I. at 419).

 Here, the record contains overwhelming evidence that Attorney Parson violated Rule 8.1(b), in that he was provided with multiple opportunities, spanning the course of several years, to respond to both the underlying grievance and the Committee's petition, yet failed to participate in any of the proceedings before the Committee or this Court.

---

[1] As this Court has previously explained,

> Former Superior Court Rules 301, 303, 304, 305, 306, and 307 have been adopted and amended by the Supreme Court as Supreme Court Rules 201, 203, 204, 205, 206, and 207, respectively. *See* Promulgation Order No. 2007-0011. Inasmuch as the language of the former Superior Court Rules has been adopted, virtually verbatim, as part of the new Supreme Court Rules, our citations in this Opinion will be to the Supreme Court Rules. Rule 207 consists of the Rules of the Ethics and Grievance Committee.

*Brusch*, 49 V.I. at 412 n.2. "Moreover, Supreme Court Rule 207 is modeled after the Model Rules of Disciplinary Enforcement, which had been previously applicable through former Superior Court Rule 303(a)." *In re Suspension of Joseph*, 56 V.I. 490, 498 n.4 (V.I. 2012) (citing *Brusch*, 49 V.I. at 412 n.4).

Although it is not clear from the record that Attorney Parson possessed actual notice of the grievance, in that all attempts to contact him by mail, telephone, and facsimile were unsuccessful, the Bylaws of the Virgin Islands Bar Association require all members to "promptly notify the Secretary of the Virgin Islands Bar whenever they change their residence or office addresses," V.I. BAR ASS'N BYLAWS § I.2,[2] and this Court's rules expressly provide that all notices and other documents directed to a respondent attorney in connection with a disciplinary proceeding "may be served by regular mail to the Respondent's address, as shown in the records of the V.I. Bar Association." V.I.S.CT.R. 207.1.8(c); *see also* V.I.S.CT.R. 203(j) ("Service of any other papers or notices required by these rules shall be deemed to have been made if such paper or notice is addressed to the respondent-attorney at his last known address."). Therefore, any failure by Attorney Parson to receive actual notice is attributable solely to his own failure to comply with his obligation to provide the Virgin Islands Bar Association with current home and business addresses. Accordingly, we find that Attorney Parson violated Rule 8.1(b) in connection with these proceedings, and thus we accept all the factual allegations against Attorney Parson as true.[3]

## C. Ethical Violations

Due to Attorney Parson's failure to cooperate with the Committee or this Court, we review the Committee's decision solely "to independently determine whether the panel correctly held that these facts constituted ethical violations." *In re Joseph*, 56 V.I. at 499. In its memorandum of decision, the Committee found that Parson violated Model Rule 1.15(d), which provides, in its entirety, as follows:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third

---

[2] The Bylaws and all amendments thereto are required to be published as a part of our Rules. *See* V.I.S.CT.R. 205(f).

[3] We note that, unlike the case involving his suspension for failure to pay bar dues, this Court has not required the Committee to serve Attorney Parson by publication. However, since Supreme Court Rule 207 explicitly requires that the Committee mail all documents related to attorney discipline proceedings to the last known address provided by an attorney-respondent to the Virgin Islands Bar Association, *see* V.I.S.CT.R. 207.1.8(c), we decline to exercise our discretion to authorize any additional form of service above and beyond that required by Rule 207, particularly in light of the Committee's multiple attempts to contact Attorney Parson, using a variety of different means, dating as far back as 2006.

person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

In this case, Parks states in his grievance that a settlement agreement had been reached, yet Attorney Parson failed to provide him with any of the proceeds, and failed to respond to any of his inquiries about the settlement. Therefore, we agree with the Committee that Attorney Parson violated Rule 1.15(d) both due to his failure to communicate and because, at a minimum, his failure to remit to Parks that portion of the settlement proceeds to which Parks was indisputably entitled amounts to a conversion of those proceeds. *See Brusch*, 49 V.I. at 420-21 ("Whether th[e withheld] property is a retainer paid in advance of services [or] settlement proceeds remitted to [the] attorney on [the] client's behalf .... unauthorized retention of the funds due and owing to [the attorney's] clients is a conversion of those funds.") (internal citation omitted).

### D. Sanctions

 Since we agree with the Committee that Attorney Parson violated Model Rules 1.15(d) and 8.1(b), we must now determine whether to accept the Committee's recommended sanction. When conducting this inquiry, this Court "consider[s] the following four factors: '[1] the duty violated; [2] the lawyer's mental state; [3] the potential or actual injury caused by the lawyer's misconduct; and [4] the existence of aggravating or mitigating factors.' " *Brusch*, 49 V.I. at 420 (quoting STD'S FOR IMPOSING LAWYER SANCTIONS § III.B., Std. 3.0 (1986 as amended 1992)). "The Court considers the first three factors to initially determine the appropriate sanction," and only "consider[s] the presence of any relevant aggravating or mitigating factors to determine whether to depart from that initial determination." *Id*. Furthermore, in crafting the appropriate sanction, this Court is "mindful that the purpose of disciplinary sanctions . . . 'is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession.' " *Id*. at 419 (quoting STD'S FOR IMPOSING LAWYER SANCTIONS § III.A., Std. 1.1).

216

▮ In its memorandum of decision, the Committee correctly identified suspension as the baseline sanction when a lawyer breaches the serious duty to preserve client property and, in doing so, injures the client. *See* STD'S FOR IMPOSING LAWYER SANCTIONS § III.C., Std. 4.12. When the baseline sanction for an ethical violation is a suspension, "[g]enerally, suspension should be for a period of time equal to or greater than six months." *Id.* at § III.B, Std. 2.3. Having identified the baseline sanction, we must now determine whether any factors exist which warrant imposing greater or lesser discipline.

▮ "An aggravating circumstance is one that may justify a more severe sanction, while a mitigating circumstance is one that may justify a more lenient sanction." *Brusch*, 49 V.I. at 422 (quoting STD'S FOR IMPOSING LAWYER SANCTIONS § III.C., Std's. 9.21, 9.31). Here, the Committee correctly classified Attorney Parson's failure to participate in the disciplinary proceedings as an aggravating factor, and recognized that, because of his non-participation, Attorney Parson did not present any mitigating factors. Accordingly, we agree with the Committee that an upward departure from the baseline sanction is warranted, and approve its recommendation for a 12 month suspension combined with $2,500.00 in restitution, plus interest.

▮ While we approve of the Committee's reasoning and its recommended sanction, we must nevertheless decide an issue left unresolved by the Committee: whether Attorney Parson's 12 month suspension should run concurrent with, or consecutive to, his suspension for non-payment of dues. However, given that a suspension for non-payment of dues is purely administrative, while the suspension ordered in this case is a sanction for serious professional misconduct, we adopt the practice of other jurisdictions in directing that suspensions imposed as sanctions for ethical violations shall run consecutive to administrative suspensions for non-payment of dues or failure to satisfy continuing legal education requirements. *See, e.g., In re Boyd*, 324 Wis. 2d 688, 782 N.W.2d 718, 723 (2010); *Kentucky Bar Ass'n v. Smith*, 913 S.W.2d 317, 319 (Ky. 1996); *Tocci's Case*, 140 N.H. 68, 663 A.2d 88, 90 (1995).

## III. CONCLUSION

This Court shall suspend Attorney Parson from the practice of law for 12 months, which shall be consecutive to his present suspension for non-payment of dues, with the 12 month period beginning to run on the

date Attorney Parson pays all delinquent dues and late fees to the Virgin Islands Bar Association and would otherwise qualify for reinstatement under Supreme Court Rule 205(d). In addition, after receiving the Committee's calculation of prejudgment interest on the $2,500.00 restitution award, this Court shall issue an order requiring Attorney Parson to pay restitution to Parks. If he did not already do so after his October 20, 2010 suspension for non-payment of dues, Attorney Parson shall comply with Supreme Court Rule 207.5.5. Upon expiration of the 12 month period, Attorney Parson may petition for reinstatement in accordance with Supreme Court Rule 203(h).