[Civ. No. 410.   Fifth Dist.   Nov. 23, 1964.]

MANUEL E. COWEN, Plaintiff and Respondent, v. SAM-
UEL RAY CALABRESE et al., Defendants and Ap-
pellants.

Brown, Carmack & Brown, and Ivan W. Packenham for
Defendants and Appellants.

Joseph Lewis for Plaintiff and Respondent.

CONLEY, P. J.—Manuel E. Cowen secured a judgment
against Samuel Ray Calabrese in the amount of $5,583, be-
sides costs, in an action for the reasonable value of legal

consultations and advice and necessary expenditures made at the special instance and request of Mr. Calabrese. Mr. Cowen is an attorney who has had 35 years of experience at the bar and is admitted to practice by the Supreme Court of Illinois, the United States District Court at Chicago, the United States Circuit Court of Appeals for the Seventh Circuit, and the Supreme Court of the United States. At the time he rendered the services in question, he was engaged in the general practice of law in Chicago; from 1932 to 1938 he had been an assistant state's attorney of Cook County assigned to the civil branch, handling tax matters and appeals in the Supreme Court of Illinois; in 1938 he was appointed a Master and Chancellor of the Circuit Court of Cook County; in 1944 he became a Standing Master and Chancellor of the United States District Court at Chicago in which capacity he served for about 17 years hearing patent cases, corporate litigation, and oil cases as well as others; he claims special experience and knowledge of the bankruptcy laws.

In the late fall of 1961, the defendant, Samuel Ray Calabrese, was brought to his office by a mutual friend at which time Mr. Calabrese consulted with Mr. Cowen as an expert on bankruptcy matters; Mr. Calabrese stated that he was having difficulty in a case pending in the District Court of the United States in and for the Southern District of California which included proceedings before a bankruptcy referee at Santa Ana; it involved the financial difficulties of International Marketland, Inc., a corporation, and its proposed supermarket located in Santa Ana; the corporation was then in the bankruptcy court pursuant to Chapter XI of the Bankruptcy Act. Mr. Calabrese sought and obtained advice during a period beginning December, 1961, and ending March 14, 1962, relative to the proceedings in the federal court in California. The initial services were performed by plaintiff in Illinois; there is no applicable defense as to payment for these services; the parties even agreed that the sum of $2,500 was a fair fee for them.

On May 4, 1962, Mr. Calabrese urged Mr. Cowen by telephone to come to California for the purpose of further aiding in the pending proceedings; Mr. Cowen finally did so under the promise, as he testified, of the payment of his expenses and a fair fee.

There seems to be no question about the fact that the reasonable amount of the expenses totaled $583, for which judgment was given in favor of Mr. Cowen, or of the reason-

able value of the services rendered by Mr. Cowen while he was in Illinois. The attack on the total judgment of $5,583 is really directed against the balance of $2,500 for legal services allegedly rendered in California. ■ In this connection, two general points are urged on the appeal—one argument questions the finding that there was an express agreement to pay a substantial fee in the event of the success of Mr. Cowen in his attempt to bring the bankruptcy proceeding to a satisfactory conclusion, and that there was also an implied contract to pay a smaller fee for the professional advice given by Mr. Cowen if his plan was not successfully implemented. It appears from the testimony of Mr. Cowen that the trial court had ample ground to determine the existence of this implied contract relative to the California services. The complaint in the case does not allege a specific written or oral contract but rather, in the first cause of action, that the defendants became indebted to plaintiff ''. . . for work, labor and professional services rendered by plaintiff to the defendants, and each of them, at their special instance and request,'' and in the second cause of action that the defendants were liable to plaintiff ''. . . for work, labor and services and monies paid out by plaintiff for said defendants, and each of them, as an attorney at law.'' The testimony of Mr. Cowen amply supports these allegations.

■ The second basis of attack upon that portion of the judgment which awards monies for the professional services of Mr. Cowen in California is that he was not admitted to the bar of this state and, therefore, that he could not practice his profession, or collect for legal services rendered in California, even though he was licensed to practice in Illinois and at other points in the United States. This contention takes no notice of the fact that Mr. Cowen's legal advice and participation in the proceedings before the bankruptcy referee were wholly devoted to litigation which was pending in the courts of the United States. The State Bar Act of California does not purport to regulate the practice of lawyers before the United States Courts, or their referees. *In re McCue,* 211 Cal. 57, 66 [293 P. 47], makes clear the fact that: ''The State Bar Act and other statutes enacted for the purpose of regulating the practice of law in this state are applicable to our state courts only. The federal courts are governed entirely by federal enactment and their own rules as to admission and professional conduct. This state, should it attempt, and we do not think it has, to regulate the practice of law in the federal courts or to place any restric-

tions or limitations upon the persons who might appear before the federal courts within this state, would be acting entirely without right and beyond its jurisdiction.''

In the *McCue* case, *supra,* it was pointed out that although Mr. McCue was not a member of the State Bar of California and he had tried and disposed of some 20 cases in the federal courts of California, he had not illegally practiced law in this state by doing so. It should be obvious, in the circumstances of this case, that Mr. Cowen was not improperly practicing law in California by giving legal advice here with respect to a single case pending in the bankruptcy court of the United States. While the transcript is silent as to whether Mr. Cowen applied to the federal court for the right to participate with its California attorney of record in the International Marketland proceedings, it seems certain that if he had done so, the court would have granted the request as a matter of comity. (6 Cal.Jur.2d, Attorneys at Law, § 21, p. 148.)

There is no pretense that the award did not fairly represent the reasonable value of the plaintiff's services. He, on his part, thought that what he had done was worth $13,083, according to his evidence in support of the complaint. The judge granted him a smaller award. It is sustained by the evidence.

The judgment is affirmed.

Brown (R. M.), J., and Stone, J., concurred.