*520 ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Dwayne V. Williams, an attorney licensed to practice law in Louisiana. For the reasons assigned, we now disbar respondent.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The ODC filed four counts of formal charges against respondent. Prior to a hearing on the formal charges, respondent and the ODC stipulated to the facts and rule violations alleged in three of the counts. These facts may be summarized as follows:

Stipulated Facts

The Child Support Matter

Respondent stipulated that he is in arrears in the court-ordered child support obligation he owes to two different women.[1] On at least two occasions, respondent failed to appear in court when ordered to do so, resulting in the issuance of bench warrants by the court. Respondent also failed to reply to the complaint filed in 1 ^connection with this matter, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
Respondent stipulated that his conduct violated Rules 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

The Unauthorized Practice of Law Matters

Between July 26, 2001 and September 5, 2002, respondent was certified ineligible to *521 practice law for failing to comply with the mandatory continuing legal education (“CLE”) requirement.[2] Nevertheless, during this period of time, respondent represented a client in a personal injury matter, settled the claim, and disbursed the funds. Moreover, respondent failed to obtain a written contingent fee agreement in the matter. Respondent also handled several criminal cases during the period of his ineligibility. He collected legal fees, enrolled as counsel, and made appearances in court on the record, including representing clients at sentencing hearings. Finally, respondent failed to reply to the complaints filed in connection with these matters.
Respondent stipulated that his conduct violated Rules 1.5(c) (contingent fee matters), 5.5(a) (engaging in the unauthorized practice of law), 8.1(c), and 8.4(g) of the Rules of Professional Conduct.
| aNorir-Stipulated Facts

The Hilliard Matter

Gwendolyn Hilliard, a former employee of respondent, filed a complaint against respondent with the ODC, alleging that respondent provided her name as a witness to an automobile accident, when in fact she had not witnessed the accident. The ODC obtained a copy of the accident report from the Baton Rouge Police Department, which listed no witnesses. The ODC then obtained a copy of the accident report that respondent submitted to the insurance company involved in the matter. This report listed Ms. Hilliard’s name and phone numbers in the “witnesses” section of the report.
Respondent failed to reply to the complaint filed by Ms. Hilliard, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.
The ODC alleged that respondent’s conduct violated Rules 8.1(c), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) of the Rules of Professional Conduct.
FORMAL HEARING
As a result of the stipulations by respondent, the only contested matter is the count of the formal charges stemming from the complaint filed against respondent by Ms. Hilliard. Respondent testified before the hearing committee as to this matter.
During his testimony at the hearing, as well as during his sworn statement prior to the hearing, respondent admitted writing Ms. Hilliard’s name and telephone numbers on the accident report but adamantly declared that it had been a mistake. He contended that he had been trying to hide his contact with Ms. Hilliard from his wife, |4and the accident report was the only piece of paper available to him when Ms. Hilliard provided him with her phone number. Respondent went on to state that the copy he had written on had been inadvertently sent to the insurance adjuster during settlement negotiations.

Hearing Committee Recommendation

After considering the stipulated facts and the documentary evidence presented at the hearing, the hearing committee determined that respondent disobeyed court orders regarding his child support obligations, engaged in the unauthorized practice of law, failed to negotiate a written contingency fee agreement, and failed to cooperate with the ODC in its investigations. After considering respondent’s testimony and the documentary evidence re *522 garding the Hilliard matter, the committee found that respondent’s testimony was not credible and that he engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation when he placed Ms. Hilli-ard’s name and phone numbers on the accident report.
Respondent acted knowingly and intentionally, which caused harm to the legal profession and the legal system. The baseline sanction for respondent’s misconduct, especially considering the multiple offenses of engaging in the unauthorized practice of law, is disbarment.
The committee found the following aggravating factors are present: prior disciplinary offenses,[3] a pattern of misconduct, and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. The committee identified no mitigating factors.
| sUnder these circumstances, the committee recommended that respondent be disbarred. Neither respondent nor the ODC objected to the hearing committee’s recommendation.

Disciplinary Board Recommendation

The disciplinary board adopted the hearing committee’s factual findings and determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges. Specifically, it agreed respondent violated Rule 3.4(c) when he ignored court orders regarding his child support obligation, Rule 8.4(c) when he placed Ms. Hilliard’s name and phone numbers on an accident report, Rule 1.5(c) when he failed to obtain a written contingent fee agreement in a personal injury matter, and Rule 5.5(a) when he engaged in the unauthorized practice of law on multiple occasions. Furthermore, respondent violated Rules 8.1(c) and 8.4(g) by failing to cooperate with the ODC in its four investigations.
The board found respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the profession. It determined respondent knew, or should have known, that he had been ordered to appear in court relative to his delinquent child support obligations, and found his actions required the issuance of bench warrants which resulted in delays of the justice system with attendant costs. Likewise, the board found respondent knew that he was ineligible to practice law due to his failure to satisfy his CLE requirements, yet he continued practicing law with utter disregard of the Rules of Professional Conduct and the rights of his clients to be represented by counsel eligible to practice law. The board determined respondent knew he was obliged to respond to the four disciplinary complaints served upon him yet he repeatedly refused to cooperate with the ODC. |fiMoreover, it noted respondent exhibited contempt for the disciplinary process, and the disciplinary system expended additional resources to subpoena him to obtain his response to the complaints. Finally, the board concluded respondent intentionally wrote down his former employee’s name and telephone number in the exact space reserved for witnesses on an accident report, strongly indicating he intended to perpetrate a fraud on the insurance company.
As aggravating factors, the board found respondent had a prior disciplinary record, *523 engaged in a pattern of misconduct and multiple offenses, committed bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and had substantial experience in the practice of law, having been admitted to the bar in 1987. The board found no mitigating factors.
Considering the ABA’s Standards for Imposing Lawyer Sanctions, and the prior jurisprudence of this court, the board recommended that respondent be disbarred. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992).7 While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In the instant case, the factual findings of the hearing committee are supported by the record and clearly demonstrate that respondent violated the Rules of Professional Conduct as charged in the formal charges. Among other misconduct, respondent disobeyed court orders relating to his child support obligations, engaged in dishonest conduct, and practiced law when he was ineligible to do so. No less serious is respondent’s failure to cooperate with the ODC in its investigation of the complaints filed in these matters.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
A review of the record indicates that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the profession. Respondent ignored his obligation to appear at hearings before the trial court in connection with child support matters. He has flouted the authority of this court and disregarded the welfare of his clients by practicing law while ineligible to do so. His lRchronic failure to cooperate with the ODC has caused undue delays and burdened an already taxed disciplinary system. Clearly, the baseline sanction for such egregious and persistent misconduct is disbarment.
Several aggravating factors are present, the most serious of which is respondent’s prior disciplinary history involving the same type of misconduct at issue here. We are unable to discern any mitigating factors from the record.
*524 Accordingly, we will accept the disciplinary board’s recommendation and disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Dwayne V. Williams, Louisiana Bar Roll number 18044, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. According to the court records that were attached to the complaint, respondent's child support arrearage totaled $20,650 to Lillian Williams and $8,980 to Sharon Wilson.

. Respondent was also ineligible between September 4, 2001 and August 12, 2002 for failing to pay his bar dues and the disciplinary assessment.

. In June 2001, respondent was publicly reprimanded by the disciplinary board for failing to cooperate with the ODC in a disciplinary investigation and failing to properly supervise a non-lawyer employee (00-DB-128). In July 2001, respondent was admonished by the disciplinary board for failing to cooperate with the ODC in a disciplinary investigation (01-ADB-034).